In the Matter of James TITUS and Myrna Titus, Debtors.

No. 85–C–272–S.
Bankruptcy No. MM11–84–01847.

United States District Court,
W.D. Wisconsin.

May 17, 1985.

Roger Merry, Belleville, Wis., for debtors.

Frank B. Bennett, Minneapolis, Minn., for John Deere.

### MEMORANDUM AND ORDER

SHABAZ, District Judge.

This is an appeal from an order which does not exist or, in the alternative, an appeal by the prevailing party from an order reconsidered.

The framers of 28 U.S.C. § 1927, Counsel's Liability for Excessive Costs, must have had this case in mind.

On November 28, 1984, John Deere Company, a secured creditor in this debtors' proceeding, moved for relief from the automatic stay imposed by 11 U.S.C. § 362. A telephone conference was scheduled. As a result of that conference an order was entered by the United States Bankruptcy Court for the Western District of Wisconsin, the Hon. Robert D. Martin, presiding, granting the relief requested by John Deere. The order was entered on January 8, 1985. Debtors' counsel, Roger Merry, did not participate in the telephone conference.

On January 9, 1985, counsel moved on debtors' behalf for reconsideration of the January 8, 1985, order which was entered as a result of his nonappearance at the telephone conference. On January 14, 1985, he also filed his notice of appeal from this same order which removed the automatic stay.

From here forward the record is somewhat silent, even though all the documents designated by appellants in their amended notice of appeal are included in the record. Nonetheless, the Court must piece together the facts from counsel's briefs and correspondence.

Apparently, at another telephone conference held on January 15, 1985 in which debtors' counsel decided to participate, the Bankruptcy Judge reconsidered and vacated the January 8, 1985, order. Reasonable motion costs in the amount of $50 were assessed against the debtors for counsel's failure to appear at the first hearing.

There is no order in the file memorializing this second conference. Instead, debtors amended their appeal to the reconsidered order of January 8, 1985, and challenged the Bankruptcy Court's jurisdiction because the attorney for John Deere had not been admitted to practice in the District Court for the Western District of Wisconsin. Debtors further object to the imposition of costs which were not a part of the

order of January 8, 1985, which order was reconsidered and vacated.

Counsel have exchanged some stout letters, an order requiring debtors' counsel to pay the $50 was entered and withdrawn, counsel for John Deere has apologized to Roger Merry, and finally, Roger Merry, counsel for the debtors, has paid the $50 to counsel for John Deere.

This, of course, should have concluded the matter, except for those additional proceedings which counsel for debtor may care to pursue to recover his $50. Nonetheless, the appeal continues.

This Court can readily dismiss the appeal on the single basis that there is no order before this Court which can be either affirmed or reversed. To remand would be pointless and would only further multiply the proceedings which should never have been continued in light of debtors' success at the January 15, 1985 conference where the original order granting John Deere relief from the automatic stay was reconsidered and vacated.

█ It seems, however, appropriate to continue as if there was an order before the Court awarding costs in the amount of $50 to the secured creditor from debtors and/or their attorney, Roger Merry.

This award is clearly within the discretion of the Bankruptcy Judge, and will not be overturned unless it be shown that an abuse of discretion occurred. There is not that abuse of discretion. Mr. Merry, at the time of the telephone conference on January 2, 1985, was in the office of Madison attorneys. He could have with no difficulty whatsoever advised the Bankruptcy Court of his presence in the city. To do otherwise is, indeed, inexcusable. It represents a failure to extend a common courtesy, and is an inconvenience to opposing counsel and to the Court, which would have been required to replace the call even had communication been made with counsel's secretary at his office in Belleville.

In spite of counsel's inappropriate conduct, the Bankruptcy Court reconsidered and vacated its order of January 8, 1985,

assessing minimal costs of $50. For this action, the Bankruptcy Court has been subjected in debtors' memorandum of April 11, 1985, to abusive commentary not in keeping with the professional standards expected in this Federal District Court.

A summation to this point would indicate that there is no order before this Court which may be appealed, and that if there were, the assessment of costs in the amount of $50 is reasonable, necessary, and within the discretion of the Bankruptcy Judge.

Finally, however, debtors challenge the jurisdiction of this Court because the attorney for John Deere had not been admitted to practice before it. No authority for this less-than-substantial suggestion has been brought to the Court's attention, and an exhaustive research has determined it to be without any legal authority whatsoever.

On November 23, 1983, this Court adopted Local Rule 1 for admission of attorneys, a copy of which is marked "Exhibit A" and attached to this memorandum and order.

This order was adopted pursuant to the general authority given this and other federal courts by 28 U.S.C. § 1654.

**§ 1654. Appearance personally or by counsel**

In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

Further authority for this rule-making power is provided by 28 U.S.C. § 2071:

**§ 2071. Rule-making power generally**

The Supreme Court and all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business. Such rules shall be consistent with Acts of Congress and rules of practice and procedure prescribed by the Supreme Court.

█ It is not in dispute that a United States District Court has the power both to prescribe requirements for admission to

78

practice before the district court and to discipline attorneys who have been admitted to practice before the court. The district court has unfettered power to admit and discipline members of its bar independently of and separately from admission and disciplinary procedures of the state courts and the court of appeals.

For a complete discussion of these powers, counsel are referred to *Matter of Abrams*, 521 F.2d 1094 (3d Cir.1975).

■ As an alternative to the admission of attorneys to practice before this Court as prescribed in Local Rule 1, counsel may also appear *pro hac vice.*

The privilege of *pro hac vice* appearance in such cases is available to a lawyer whether he comes in to the district on the day of appearance or whether he resides in the state on a non-permanent basis, so long as local counsel, generally admitted to the District Court's Bar, is associated. Such association satisfies the reasonable interest of the District Court in having a member of its Bar, who is subject to the court's general control, be professionally responsible for the litigation and who can be served with papers, can be notified of hearings and can be held accountable if anything reflecting on the Court or an abuse of its process occurs during the course of the litigation. In this role there is no need for active participation in the conduct of the litigation by associated counsel.

*Sanders v. Russell*, 401 F.2d 241 (5th Cir. 1968).

The *Sanders* court continues:

In our view the District Court must grant *pro hac vice* admissions in such cases upon a showing that an individual lawyer is a member in good standing of the bar of some state, without limitation in terms of years of practice or admission. The District Court may not limit the number of appearances that the lawyer can make in such cases.

■ To summarize once again, the inherent power of the federal district court to admit and discipline attorneys who appear before it is provided so that the Court may ensure that counsel will continue in a case until it is concluded, may ensure against delays and other administrative inefficiencies, and to implement the goals of Rule 1, Federal Rules of Civil Procedure: to secure the just, speedy, and inexpensive determination of every action. A further piecing together of the facts in this matter allows the Court to infer that standby counsel previously admitted to this Court was available at both the January 2, 1985, and January 15, 1985 hearings. This is indeed sufficient to provide the Court with the ability to govern the conduct of counsel in its pursuit of those worthwhile goals set forth in Rule 1. Mr. Bennett, the attorney for John Deere, was assisted in this matter by Gregory M. Weyandt, a member of his firm who was available throughout the proceedings and is a member of the Bar of the Western District of Wisconsin.

For all of the reasons cited, the appeal of the debtors must be dismissed with costs.

Congress, in order to assist this and other courts in achieving the goals enunciated in Rule 1, the just, speedy, and inexpensive determination of every action, provided a tool. That tool is contained in 28 U.S.C. § 1927, which allows the Court to assess costs where any attorney so multiplies the proceedings in any case unreasonably and vexatiously.

The Court will entertain a subsequent motion pursuant to 28 U.S.C. § 1927 where appropriate for the orderly administration of justice.

Accordingly,

### ORDER

IT IS ORDERED that the appeal in this matter is DISMISSED, with costs.

### EXHIBIT A

ORDER ADOPTING LOCAL RULE FOR ADMISSION OF ATTORNEYS

It is hereby ordered that Local Rule 1 of the rules of this court is repealed and replaced by the following:

Rule 1 Admission of Attorneys

(1) Any licensed attorney in good standing before any U.S. Court, the highest court of any state or the District of Columbia is eligible for admission to practice in this court.

(b) Motions for admission to practice shall be made on forms provided by the clerk. The motion must be made by an attorney who has been admitted to practice in this court. Upon receipt by the clerk of a completed motion for admission, a signed roll card, and the prescribed fee, the applicant shall be admitted to practice in this court and a certificate of admission shall be issued by the clerk. Entered this 23d day of November, 1983.

BY THE COURT:

/s/ Barbara B. Crabb

Barbara B. Crabb, Chief Judge